IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT MILLER,

      Plaintiff,                                 No. CIV S-09-900 FCD KJM PS

      vs.

AMERICAN SECURITIES COMPANY, et al.,
      Defendants.                        FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss came on regularly for hearing on May 27, 2009. Plaintiff appeared in propria persona. Christopher Yoo appeared telephonically for the JPMorgan Chase defendants. Jon Ives appeared telephonically for the Wells Fargo Bank defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff seeks to cancel the note on his property, which arose out of a home equity loan secured by a deed of trust on plaintiff's property. Plaintiff challenges the alleged foreclosure of his home, alleging that the United States has been in bankruptcy since 1933, Federal Reserve notes have no intrinsic value, and that plaintiff was not loaned anything of

/////

1

value. Defendants move to dismiss for failure to state a claim. Defendants' motions are well-taken.

The theory underlying plaintiff's claims is untenable, frivolous and must be rejected outright.[1] See United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument, that gold and silver is the only legal tender in United States, is hopeless and frivolous); see also United States v. Greenstreet, 912 F.Supp. 224, 229 (N.D. Tex. 1996) (rejecting as irrational plaintiff's attack on legitimacy of federal reserve notes); Sneed v. Chase Home Finance, LLC, 2007 WL 1851674, *3 (S.D. Cal. June 27, 2007); Tuttle v. Chase Home Finance, LLC, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); Carrington v. Fed'l Nat'l Mortgage Assoc., 2005 WL 3216226, *2 (E.D. Mich. Nov. 29, 2005).

With respect to plaintiff's attempt to set aside the foreclosure, there has been no attempt to foreclose on plaintiff's home. See Def't Chase's Request for Judicial Notice, Ex. 1. Plaintiff's attempt to cast this action as a RICO case is similarly deficient in that the predicate acts of racketeering activity simply do not exist. The activity underlying plaintiff's claims was a simple loan transaction. This is not the kind of unlawful activity contemplated by the Civil RICO Act. See 18 U.S.C. § 1961. Although plaintiff concedes in his opposition that his claims are deficiently pled, he offers no substantive opposition so as to suggest amendment would be anything other than futile. The complaint should therefore be dismissed with prejudice.

The Wells Fargo defendants have requested attorneys' fees as a sanction against plaintiff for filing a frivolous action. The complaint originally was filed in state court and plaintiff's opposition to the pending motions is his first pleading in federal court in this action. Because plaintiff had not been previously advised of the strictures of Federal Rule of Civil

---

[1] Plaintiff is cautioned that further frivolous filings causing unwarranted consumption of judicial resources and defense costs will result in the imposition of sanctions under Federal Rule of Civil Procedure 11.

Procedure 11, in the circumstances presented here, it does not appear that an award of attorneys' fees is justified.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted with prejudice; and
2. Defendant Wells Fargo Bank's motion for attorneys' fees be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2009.

_____
U.S. MAGISTRATE JUDGE

006
miller.57